Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
Phone: (503) 917-4409
Fax: (916) 857-6902
E-mail: rhacke@pji.org

Attorneys for Plaintiff
HOLLICE E. "BETH" OBERST

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| HOLLICE E. "BETH" OBERST, An Individual,<br><br>       **Plaintiff,**<br><br>v.<br><br>COUNTY OF LANE, A Public Body, and DOES 1 THROUGH 50, Inclusive,<br><br>       **Defendants** | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a), AND AIDING AND ABETTING RELIGIOUS DISCRIMINATION [ORS 659A.030(1)(g)]**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff HOLLICE E. "BETH" OBERST hereby alleges as follows:

## PARTIES

1. Plaintiff is a former employee of Defendant COUNTY OF LANE ("COUNTY"). Plaintiff worked for Defendant COUNTY for more than thirteen (13) years as a Waste Management Fee Collector in the County's Public Works Waste Management Division.

2.      Plaintiff is also, and at all times herein was, a practicing Christian who sought from COUNTY a religious exemption from the County's requirement that all of its employees be vaccinated against COVID-19.  The County not only failed to accommodate Plaintiff's religious beliefs, but also terminated her employment.

3.      COUNTY fired Plaintiff on January 26, 2022, for declining to receive the COVID-19 vaccine in accordance with her sincere religious beliefs.

4.      COUNTY is, and at all times herein was, a public body in Oregon as defined in ORS §§ 30.260(4)(b) and 174.109.  LANE furthermore is, and at all times herein was, a "body corporate" that may sue and be sued under ORS § 332.072, may buy and sell property, and satisfies any damages obligations owed to tort claimants from its own liability insurance, not from state funds.

5.      The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiff, who therefore sue Defendants under such fictitious names.  Each Defendant designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged.  Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## **JURISDICTION**

6.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

7.      This Court has jurisdiction over Defendant LANE pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the laws of the United States.

## **VENUE**

8.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

9.      Venue is proper in the Court's Eugene Division because Defendant COUNTY is headquartered in the County of Lane, the events giving rise to this Complaint occurred in the County of Lane, and all agents, employees, or other persons working for, or in concert with, COUNTY with regard to the events giving rise to this Complaint are located in, employed in, and/or residents of the County of Lane.

## GENERAL ALLEGATIONS

10.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

*11.*     On September 15, 2021, COUNTY instituted a policy (the "Vaccine Mandate" or the "Mandate") requiring all of its employees to be vaccinated against COVID-19 by November 30, 2021.  *See* Attached **Exhibit "A"** [a true and accurate copy of an e-mail sent to the County's employees announcing LANE's Vaccine Mandate].

12.     COUNTY allowed its employees to seek religious exemptions from the Vaccine Mandate by submitting an exception form through the website PeopleSoft. *See* Ex. "A."

13.     Plaintiff is, and at all times relevant herein was, a practicing Christian who worked for COUNTY for more than 13 years, from June 2, 2008 through January 26, 2022, as a Waste Management Fee Collector in the County's Public Works Waste Management Division

14.     Plaintiff was qualified for her position and had an exemplary employment record.  Plaintiff was also an essential worker who continued working during the peak of the COVID-19 crisis.

15.     On or about November 1, 2021, Plaintiff submitted to COUNTY written notice that receiving a COVID-19 vaccine conflicted with her religious

observances, practices, and beliefs. A true and accurate copy of her religious exception request is attached hereto as **Exhibit "B."**

16.    Plaintiff's religious exemption request stated as follows: "My faith and conscience does [sic] not allow me to knowingly put in my body any <u>experimental</u> medical products that are tested with or contain aborted fetal tissues, which also have been through the process of cloning to keep those cell lines viable, or that manipulates [sic] my God given DNA." *See* Ex. "B."

17.    Plaintiff made clear she was fulfilling her burden of alerting her employer of the conflict between her sincerely held religious beliefs and the County's duty to provide a reasonable accommodation as Title VII requires.

18.    Plaintiff also stated that she "will continue to follow prescribed protocols to keep others and myself to a minimum of exposure." *See* Ex "B."

19.    Plaintiff typically worked alone in a small, one-person booth at a rural location. Even so, Plaintiff worked behind a Plexiglass window that served as a barrier to the transmission of COVID-19 when she dealt with customers.

20.    Other protocols Plaintiff followed included social distancing, wearing masks on occasions when others were present in her workspace, and keeping surfaces clean.

21.    The County granted Plaintiff an exception that, in addition to the protocols she was already following, required her to participate in various other safety protocols, the most egregious of which was weekly testing, which would have exposed her personal medical information to others, potentially making her a target for harassment and/or other forms of mistreatment by County employees. *See* Attached **Exhibit "C"** [true and accurate copies of the County's e-mail to Plaintiff concerning the testament requirement and e-mails from Plaintiff expressing her concerns about privacy protections and potential mistreatment].

22.     On January 20, 2022, Plaintiff received from COUNTY a letter of informing her that her employment would be terminated effective January 26, 2022. *See* **Exhibit "D"** [a true and accurate copy of Plaintiff's termination letter].

23.     Due to COUNTY termination of her employment and her difficulty in obtaining comparable employment with another employer, Plaintiff has suffered the following monetary damages:

    a.  Loss of annual salary of roughly $40,000

    b.  Loss of Social Security benefits: If Plaintiff had been able to wait until age 70, she would have been eligible to receive $1,600 per month; now, she can only receive $1,300 per month

    c.  Loss of health and life insurance benefits

    d.  Loss of Public Employee Retirement System benefits; because she had to collect benefits early, she is now ineligible for full-time government employment

24.     Due to COUNTY's termination of her employment and difficulty in obtaining comparable employment with another employer, Plaintiff has suffered the following nonmonetary damages:

    a.  Broken heart, as Plaintiff truly loved her job and serving customers

    b.  Depression, manifested in the form of crying at unusual times

    c.  Weight gain related to overeating from depression

    d.  Anxiety from loss of income

25.     As a condition of filing the herein lawsuit, Plaintiff has obtained a right-to-sue letter from the Equal Employment Opportunity Commission.  A true and accurate copy of that letter is attached hereto as **Exhibit "E."**

26.     Attached hereto as **Exhibit "F"** is a printout from the website TimeandDate.com showing when the 90-day statute of limitations set forth in each

right-to-sue letter is set to expire.  Plaintiff included this printout to show that she timely filed this lawsuit in compliance with the deadline set forth in her letter.

**FIRST CAUSE OF ACTION:**
**Violation of Title VII**
**[42 U.S.C. § 2000e-2]**
**Against Defendant COUNTY**

27.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

28.    Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

29.    For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

30.    Defendant COUNTY qualifies as an employer under Title VII.

31.    The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

32.    As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

33.    Plaintiff has a bona fide religious belief that she cannot violate her conscience and receive vaccines developed using cells from aborted babies nor take action that manipulates her God-given DNA.

34.    Plaintiff's bona fide religious belief conflicted with her employment-related duty to receive a COVID-19 vaccine in accordance with Defendant COUNTY's Vaccine Mandate, as the COVID-19 vaccines available in the United States in 2021 were all made by manufacturers who used cells from aborted fetuses in the vaccines' development.

35.    Plaintiff informed her employer, Defendant COUNTY, of the conflict between her religious beliefs concerning abortion and her employment-related duty to receive a COVID-19 vaccine.  *See* Ex. "B."

36.    Defendant COUNTY subjected Plaintiff to discriminatory treatment by threatening to and then terminating her employment if she did not receive the COVID-19 vaccine or accept an unreasonable accommodation.

37.    Title VII requires employers to provide ***reasonable*** accommodations to their religious employees when they can do so without undue hardship – "reasonable" being the key word: Defendant COUNTY's proposed accommodation of weekly testing was unreasonable due to its potential to expose Plaintiff's private medical information to persons who could target her for harassment and other mistreatment because of her unvaccinated status.

38.    The likelihood of Plaintiff contracting and transmitting COVID-19 to others was already minimal, as she typically worked in solitude at a remote rural location, interacted with customers from behind a Plexiglass window, wore masks on the rare occasions when she did have to share her workspace with others, and maintained clean surfaces in her workspace.  Given the protocols that were already in place and Plaintiff's compliance with those protocols, allowing Plaintiff to continue working under her then-current working conditions would have sufficed as a reasonable accommodation of her sincerely held religious beliefs.

39.    Defendant COUNTY made no attempt to reasonably accommodate Plaintiff's sincerely held religious beliefs, as COUNTY did nothing to assuage Plaintiff's concerns about exposure of her private medical information or potential mistreatment due from people made aware of her unvaccinated status.

40.    Defendant COUNTY also made no assertion to Plaintiff that COUNTY would incur undue hardship by accommodating her beliefs.  COUNTY

simply attempted to justify its termination of Plaintiff by Plaintiff's unwillingness to submit to an unreasonable accommodation which would have required her to disclose private medical information to her employer or other outside groups.

41.    Defendant COUNTY would have incurred no undue hardship in accommodating Plaintiff's religious beliefs by allowing her to work under her then-current working conditions.  Instead, Defendant COUNTY terminated Plaintiff's employment.

42.    Animus toward Plaintiff's religious beliefs is truly what motivated Defendant COUNTY to fire Plaintiff, any assertion COUNTY might make to the contrary notwithstanding.

43.    Based on the foregoing, Defendant LANE has discriminated against Plaintiff in violation of Title VII.

**SECOND CAUSE OF ACTION:**
**Violation of Title VII – Retaliation**
**[42 U.S.C. § 2000e-2]**
**Against Defendant COUNTY**

44.    Plaintiff refers to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

45.    To state a claim for retaliation in violation of Title VII, a plaintiff must show that (1) the plaintiff engaged in a legally protected activity, (2) the plaintiff's employer subjected the employee to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1026 (D. Or. 2008).

46.    In declining to receive a COVID-19 vaccine on religious grounds and seeking religious exceptions that would allow her to continue working in County facilities despite being unvaccinated, Plaintiff engaged in a legally and constitutionally protected activity.

47.    Defendant COUNTY subjected Plaintiff to an adverse employment action by terminating her employment.

48.    There was unquestionably a causal link between Plaintiff's protected activity and the adverse employment action that Defendant COUNTY took against her: Had Plaintiff not asserted her constitutionally and legally protected religious freedom, COUNTY would not have demanded that she expose her private medical information concerning her unvaccinated status to others who could potentially target her for mistreatment, then fired her for not doing so.

49.    Based on the foregoing, Defendant COUNTY has unlawfully retaliated against Plaintiff in violation of Title VII.

### THIRD CAUSE OF ACTION:
**Violation of Constitutionally Protected Freedom of Religion
[U.S. Const. amend. I; 42 U.S.C. § 1983]
Against Defendants COUNTY and DOES 1-50**

50.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

51.    Under 42 U.S.C. § 1983, anyone who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

52.    Under 42 U.S.C. § 1983, public bodies like Defendant COUNTY can be held liable for civil rights violations that arise out of governmental action.

53.    The U.S. Constitution's First Amendment, made applicable to states through the Fourteenth Amendment, prohibits public bodies from infringing on individuals' freedom of religion.  The Fourteenth Amendment prohibits public

bodies from "depriv[ing] any person of life, *liberty*, or property without due process of law." U.S. Const. amend. XIV, § 1 (emphasis added).

54.    Acting under color of state law, Defendant COUNTY had a custom or policy of violating Plaintiff's constitutionally protected freedom of religion by effectively penalizing them for adhering to their sincere, religiously-based objection to receiving a COVID-19 vaccine by requiring them to declare their private medical information concerning their unvaccinated status on a weekly basis – to people who could potentially target them for mistreatment due to their unvaccinated status, no less – then firing them for not doing so.

55.    Even assuming Defendant COUNTY had a compelling interest in halting the spread of COVID-19 among its workforce as well as to the citizens whom COUNTY served, COUNTY could – and should – have reasonably accommodated Plaintiff's beliefs and allowed her to keep working without having to submit testing results every week.

56.    Based on the foregoing, Defendant COUNTY has deprived Plaintiff of her constitutionally protected freedom of religion.

**FOURTH CAUSE OF ACTION:**
**Violation of Constitutionally Protected Freedom of Speech**
**[U.S. Const. amend. I; 42 U.S.C. § 1983]**
**Against Defendants COUNTY and DOES 1-50**

57.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

58.    Under 42 U.S.C. § 1983, anyone who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

59.    Under 42 U.S.C. § 1983, public bodies like Defendant COUNTY can be held liable for civil rights violations that arise out of governmental action.

60.    The U.S. Constitution's First Amendment, made applicable to states through the Fourteenth Amendment, prohibits public bodies from infringing on individuals' freedom of speech.  The Fourteenth Amendment prohibits public bodies from "depriv[ing] any person of life, **_liberty_**, or property without due process of law."  U.S. Const. amend. XIV, § 1 (emphasis added).

61.    The freedom of speech includes the freedom not to speak.  This includes the right to keep one's medical information private.

62.    Plaintiff engaged in protected activity by asserting her right not to have her private medical information concerning her unvaccinated status exposed to those who could potentially target her for mistreatment.  She wished for the matter to remain between herself, her physician, and her God.

63.    By attempting via its proposed accommodation of weekly testing to compel Plaintiff to share her private medical information concerning her unvaccinated status on a weekly basis without providing her assurances that such information would not be needlessly exposed to those who could potentially target her for harassment and other mistreatment, Defendant COUNTY infringed on Plaintiff's constitutionally protected right of free speech.

64.    Plaintiff's protected activity was a substantial or motivating factor in Defendant COUNTY's conduct: But for Plaintiff's religiously based desire not to receive a COVID-19 vaccine due to manufacturers' use of cells from aborted babies in the vaccines' development, COUNTY would not have attempted to compel Plaintiff to repeatedly disclose her private medical information to those who would potentially target her for harassment or other mistreatment based on her unvaccinated status.

65.     Defendant COUNTY cannot show that it would have taken the same adverse employment actions against Plaintiff – i.e., firing her – in the absence of Plaintiff's protected conduct.

66.     Defendant COUNTY's actions neither serve a compelling government interest nor were narrowly tailored to serve such an interest.

67.     Based on the foregoing, Defendant COUNTY has violated Plaintiff's freedom of speech under the First Amendment and should accordingly be held liable for damages under 42 U.S.C. § 1983.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants LANE and DOES 1 THROUGH 50 as follows:

### **ON ALL CAUSES OF ACTION:**

1.     For economic damages in an amount according to proof at trial;

2.     For non-economic damages in an amount according to proof at trial;

3.     For punitive damages in an amount according to proof at trial;

4.     For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.     For such other and further relief as the Court may deem proper.

Dated: October 24, 2023                    PACIFIC JUSTICE INSTITUTE

                    __/s/ *RAY D. HACKE*_____
                    Ray D. Hacke
                    Attorney for Plaintiff
                     HOLLICE "BETH" OBERST

# EXHIBIT "A"

**MACE Shellia L**

| | |
|---|---|
| **From:** | BEE-WILSON Lisa (PW) |
| **Sent:** | Wednesday, November 3, 2021 7:25 AM |
| **To:** | MACE Shellia L |
| **Subject:** | Fwd: ACTION REQUIRED: COVID-19 Vaccination Deadline Approaching |
| **Attachments:** | ImmunizationSelfService.pdf |

Could you please print this out for our team and distribute? I didn't have time to do it yesterday.

Get Outlook for Android

**From:** MCBRIDE Ryan J <Ryan.MCBRIDE@lanecountyor.gov>
**Sent:** Tuesday, November 2, 2021 2:08:40 PM
**Subject:** ACTION REQUIRED: COVID-19 Vaccination Deadline Approaching

Good afternoon.

On September 15, 2021, Lane County announced it would require employees to be fully vaccinated against COVID-19. The deadline for non-represented employees (which includes regular, temporary, extra help and unclassified positions) and employees represented by LCPAA, to provide proof of vaccination or have an approved exception is no later than November 30, 2021. The deadline for other employee groups will be announced as the County completes the bargaining process with several groups. Non-represented staff in the Sheriff's Office must comply with General Orders.  In order to ensure timely compliance with the policy, we are asking that you upload a copy of your vaccination documentation or exception request form into PeopleSoft by the end of the day on November 19, 2021. A copy of the vaccination APM can be found by clicking here.

**Next Steps:**
- If you are fully vaccinated you can upload your vaccination documentation directly in PeopleSoft (instructions attached).  You can access the upload in PeopleSoft by clicking here or by going to Employee Self-Service and clicking on the Immunization Information tile (pictured below). Vaccination records are stored in a confidential manner within PeopleSoft and only Human Resources and managers with a need to know will have access.
- Alternatively, if you have issues uploading your documentation your supervisor can upload it for you or you can contact Human Resources at LCHRVaccineER@lanecountyor.gov.
- PLEASE NOTE: If you are not yet fully vaccinated, but are in the process, please do not upload your documentation until you have received your final dose in the series: second dose for Moderna and Pfizer, single dose for Johnson & Johnson/Janssen).
- If you are not yet fully vaccinated, vaccinations are widely available at local pharmacies, and you can find free clinic options through Lane County Public Health at http://www.lanecountyor.gov/vaxclinics.
- **Reminder, to be considered fully vaccinated, 14 days must have passed since your final dose in the vaccination series you choose. This means November 16, 2021 is the last day to receive a final/single dose and be compliant with the policy.**
- If you plan to request a medical or religious exemption, you can find the forms through PeopleSoft by navigating to Employee Self-Service and clicking on the OR Health Exception Request tile (pictured below) or find the forms on InsideLane at Employee Info à Coronavirus Employee Information à Vaccine Exceptions Request (on the left hand side). You will need to submit your exception forms through the OR Health Exception Request in PeopleSoft. If you have issues uploading your documentation, you can contact Human Resources at LCHRVaccineER@lanecountyor.gov. Please submit these forms ASAP, but no later than November 19.

▾ Employee Self Service

Last Pay Date 10/22/2021

| W4 Oregon Form | Direct Deposit |
|---|---|
| ORACLE PEOPLESOFT | ORACLE PEOPLESOFT |
| **Immunization Information** | **OR Health Exception Request** |
| | Oregon **H**ealth **Exception Request** |

Thank you!

**Ryan McBride, SHRM-SCP**
Talent Manager
Lane County Human Resources
Mobile: 541-510-3999
Fax: 541-682-4290
ryan.mcbride@lanecountyor.gov





Passion to serve
Driven to connect
Focused on solutions



*CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

**From:** MAYFAIR Krysten AY
**Sent:** Tuesday, November 2, 2021 11:33 AM
**To:** MCBRIDE Ryan J <Ryan.MCBRIDE@lanecountyor.gov>

2

# EXHIBIT "B"

Hollice E. Oberst
81804 Lost Valley Lane
Dexter Or 97431

Lane County Employment
125 E 8TH Ave
Eugene, OR 97401

November 1, 2021

To whom it may concern,

In response to a verbal inquiry by my supervisor, Lisa Wilson, WMD, this letter is to give notice that I am seeking my religious accommodation under Title VII of the EEOC to release me from taking any of the Covid 19 injections "mandated" by Lane County for employment. My faith and my conscience does not allow me to knowingly put in my body any <u>experimental</u> medical products that are tested with or contain aborted fetal tissues, which also have been through the process of human cloning to keep those cell lines viable, or that manipulates my God given DNA. Please also see attached supporting documents.

**Title VII and COVID-19 Vaccinations**

**K.12. Under Title VII, how should an employer respond to an employee who communicates that he or she is unable to be vaccinated for COVID-19 (or provide documentation or other confirmation of vaccination) because of a sincerely held religious belief, practice, or observance?**

(*12/16/20*, *updated 5/28/21*)

Once an employer is on notice that an employee's sincerely held religious belief, practice, or observance prevents the employee from getting a COVID-19 vaccine, the employer must provide a reasonable accommodation unless it would pose an undue hardship. Employers also may receive religious accommodation requests from individuals who wish to wait until an alternative version or specific brand of COVID-19 vaccine is available to the employee. Such requests should be processed according to the same standards that apply to other accommodation requests.

EEOC guidance explains that the definition of religion is broad and protects beliefs, practices, and observances with which the employer may be unfamiliar. **Therefore, the employer should ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious belief, practice, or observance.**

The County has "accommodated" me working without vaccination for the last 18 months, so it would seem not unreasonable to continue that practice with no undo hardship for my employer.

I will continue to follow prescribed protocols to keep others and myself to a minimum of exposure.

I hope you will respect and quickly confirm my request. I hope to continue my work on December 1, 2021.

Respectfully submitted,


Hollice E. Oberst  541-554-4671

_____
"A woman's heart should be so hidden in Christ that a man should have to seek Him first to find her."

# EXHIBIT "C"

**Subject:** FW: COVID Vaccine Exceptions - Info Update
**From:** "BEE-WILSON Lisa (PW)" <lisa.bee-wilson@lanecountyor.gov>
**Date:** 11/15/2021, 11:38 AM
**To:** "soberst962@gmail.com" <soberst962@gmail.com>
**CC:** MACE Shellia L <Shellia.Mace@lanecountyor.gov>

Hi Beth – Please let us know you received this!

**From:** LC HR Vaccine Exception Requests <LCHRVaccineER@lanecountyor.gov>
**Sent:** Monday, November 15, 2021 11:07 AM
**Subject:** FW: COVID Vaccine Exceptions - Info Update

Good morning. I've just sent out the following email to all individuals with approved exceptions requests. You are listed in PeopleSoft as having an employee with an approved exception with no county email address. If you could please assist us by posting this information to ensure those individuals receive these updates, it would be greatly appreciated.

---

***You are receiving this email because you have an approved Medical or Religious Exception to the COVID-19 vaccination requirements. Please note, this is general information and may be subject to change as bargaining proceeds with your respective union (as applicable)***

The county wide policy is scheduled to go into effect for non-represented employees and employees represented by PAA on NOV 30. The effective date of the policy for employees represented by AFSCME, Admin-Pro and 626 is subject to completion of the bargaining process with these groups. When the policy is effective, employees with approved exceptions will be asked to participate in some additional workplace risk mitigation measures, most commonly weekly COVID testing and wearing of a surgical, KN95, or N95 mask while at work. If you have not completed and returned the attached risk mitigation form, or the other acknowledgements form attached to the exception request, please sign and return those forms to this email as soon as possible.

We are also encouraging employees to complete the self-registration for testing as early as possible so we can have materials and testing supplies on hand and ready to distribute. Please follow the instructions below for self-registration:

------
To register for this program, please follow this link: https://uotestscheduler.powerappsportals.com/en-US/walkin/
   1. Please select **Employer Partnership** for the question, "Which best describes you?"
   2. The next question will ask for your UO ID (95#). Please enter your numeric **Lane County Employee ID** number instead.
   3. Please answer the personal information portion to the best of your ability. You will need to input your **LEGAL** first and last name, even if it is different than the name you go by. Be sure to double check the information you provide for accuracy.
   4. The final question will be acceptance of the terms and conditions. Please select the statement and input your full legal name to accept.

Your primary contact with UO's Lane County Testing program will be Molly Maxwell mmaxwel2@uoregon.edu. If you have any issues or questions with registration, please contact her for help.
------

We are also working on expanding our testing drop off locations to ease the burden on employees. We currently have red drop boxes (example below) set up at the Public Service Building outside the door to HR, and an additional box setup in the entry way of the Youth Services building. Please note that each drop box will have a specific pick-up time listed and test samples must be dropped off prior to that time.

In the event that one of our scheduled drop off days (Tuesdays or Thursdays) fall on a holiday, there will be no pickup on those days and we will be limited to only one day for pickups that week.

Finally, **please ensure you are sending a screenshot of your test results to this email address each week** so we can keep record of your compliance with the policy.

Thank you for your patience and flexibility as we work to get this program established. We will continue to provide update emails in the weeks ahead as things progress.



**Ryan McBride, SHRM-SCP**
Talent Manager
Lane County Human Resources
Mobile: 541-510-3999
Fax: 541-682-4290
ryan.mcbride@lanecountyor.gov



 Passion to serve
Driven to connect
Focused on solutions



5/24/2022, 3:54 PM

**Subject:** Difficult times...
**From:** Beth Oberst <soberst962@gmail.com>
**Date:** 11/17/2021, 4:06 AM
**To:** Lisa Bee Wilson <lisa.bee-wilson@lanecountyor.gov>, MACE Shellia L <Shellia.Mace@lanecountyor.gov>

Lisa and Shellia,

Not sleeping so figured I would take care of some of this. Please know I love you both and some of the stronger statements in this email are not directed at you but at the situation and those making mandates. I just need you to know where I stand so you can plan.

Acknowledging your forward email from Ryan McBride. Trying to just **ignore it** right now. Stan and I got disturbing news that we/he must deal with. In a few hours he will be visiting Willamette Cancer on a rush appointment as his Parkinson's neurologist did a routine blood test and something came up. Lymphatic leukemia. Bit of a gut shot. Further testing in a few hours. Spending much time in prayer. Don't even want to think about my work problems. Just hoping I can stay focused tomorrow (today) at work and not have tears running down my face. Don't know when we will know more until after his appointment. Need to be up early to get him out the door on time. And, haven't slept yet. Wish I could go with him.

My first reaction to the McBride email was, for me, I did not fill out those forms on purpose. I wrote a letter asking for my faith accommodation under Title VII of the EEOC and sent a pile of supporting documents. The forms say "Exception" which is not the language of Title VII and have been advised legally not to sign. That is why I was surprised Shellia emailed saying I got my "exemption" which *is* the language of Title VII. The language of Title VII is also "reasonable accommodation" which, I believe, is what I have been working under the last 18 months.

I have a rather strong email prepared to send Mr. McBride and HR and whom ever else I could think of telling them what I think of the restrictions I will be forced under to try to do my job and what it does to me. Since I also believe the "mandates" are unlawful because ALL available "vaccines" are under the EUA and no human should be forced to take them and should only be done under "informed consent," I don't believe I should even have to ask for a faith accommodation. For me, I cannot knowingly take experimental medical products that are tested on or contain aborted fetal tissue. Then friends started sending me the below news article. But, I don't believe the County will change their approach/direction in this matter. I will wait to send that email for a couple of days to see if there is a response to the OSHA ETS suspension. Otherwise, I am sure that email will burn some bridges so to speak. I will not sign away my God given rights. As a Covid 19 unvaccinated person, I am not a leper and I don't want to be singled out and treated as one.

For now, please, fill my work week hours with TM for November as earlier requested so I will have 40 instead of 32 hours each week for the month. Thinking I need to use up as much as I can. I will start removing personal items from the booth so when I am laid off it won't be a big deal to clean out and will be ready for the next person. I think it may be past Dec. 1 as union negotiations are ongoing. Not sure??????? I am NOT quitting, and if these things are dropped I want to stay at my job. I will continue at my post until someone tells me that I have to leave. Don't know how that works, I have

never been fired before.

Again, just love you two and all of your kind support for this old hen. It is so hard to believe all of this is happening. Surreal.

With tears, and overwhelmed, but counting blessings,

*Beth Oberst*
*UTDC Without prejudice,*
*all rights reserved, none waived.*

## *OSHA Suspends Emergency Temporary Standard on COVID-19 Vaccinations and Testing for Employers with 100 or More Employees*
## Tuesday, November 16, 2021

On Thursday, November 4, 2021, the Occupational Safety and Health Administration (OSHA) published an Emergency Temporary Standard (ETS) that establishes minimum COVID-19 vaccination and testing requirements for private employers with 100 or more employees throughout the United States.

Shortly after the ETS was published, several states and businesses sued to declare that the rule was unconstitutional and beyond OSHA's statutory authority. On November 6, 2021 the Fifth Circuit Court of Appeals (based in New Orleans) issued a very short preliminary ruling "staying" implementation of the ETS pending further briefing in the court. Then, on November 12, 2021 the Fifth Circuit entered a long opinion in which it has issued a preliminary stay of the law.

In doing so, the court signaled in the strongest of possible terms that it was poised to find that the rule does exceed OSHA's statutory authority in several ways and is unconstitutional. You can read the entirety of the opinion here.

**Subject:** Would you help me, please...
**From:** Beth Oberst <soberst962@gmail.com>
**Date:** 12/3/2021, 7:00 AM
**To:** ryan.mcbride@lanecountyor.gov

Mr. McBride,

Both Lisa Wilson and Shellia Mace, my supervisors at Waste Management, have encouraged me to reach out to you. I am sure they don't want to loose more fee collectors, as we are already very short handed at WM. I am in extreme emotional conflict over the County mandates and requirements for those of us who cannot take these Covid 19 vaccines. My quandary, I truly believe in my heart of hearts, that the County mandates are unlawful, as ALL available Covid 19 vaccines remain under the Emergency Use Authorization. Under U.S. Code 21 U.S.C. § 360bbb-3(a)(1) which in plain language says EUA products cannot be mandated. So, if the mandates are unlawful, I should not have to seek a faith accommodation. Also, if vaccine mandates are unlawful, then, as a person of faith, I am being told by my County employer that I must knowingly participate in unlawful activities.

I was hoping you might be able to clarify some issues to help me understand all of this process and point out if my understanding is incorrect. In the last hand out (email) I received dated Monday, November 22, 2021, (I always get things late at my rural site,) under the heading "Testing Supplies" you make the statement "...under the OCT 18 **State law**..." (emphasis added) Is there an Oregon State law requiring the Covid 19 vaccines, and can you give me a copy of it?

Also, under the heading "To register for testing..." #4 "The final question will be acceptance of terms and conditions...." If I find that I should "register" could I have a copy of the Terms and Conditions before i start that process so I know what I would be signing up for? I need to confirm that there is nothing in it that also violates my faith principles.

Under the heading "Reminders" it says to "...submit a screenshot of your weekly test results. We are NOT able to receive the results directly from UO." Why is the County not able to receive the test results directly from the U of O?

Also, are the test that the U of O will be using FDA approved or under EUA?

Thanking you in advance for information and any guidance you may lend.

In turmoil and tears about this situation,

Hollice Oberst

--

_____

"A woman's heart should be so hidden in Christ that a man should have to seek Him first to find her.

Hi Beth, I'll answer what I can here, and am happy to hop on a call with you as well to talk through some of this.

First, the OCT 18th State Law refers to the mandate that healthcare workers and educators be vaccinated. More info on that is available here: https://secure.sos.state.or.us/oard/viewSingleRule.action?ruleVrsnRsn=280799

I've also attached a powerpoint file with screenshots of what the self-registrations looks like, to include the terms and conditions from UO.

Our inability to get the results directly from UO really comes down to the contract we put in place with UO to be able to use this program. — *The know it is HIPPA protected so the make us divulge through screen shot as U of O cannot give to H.R.*

I will have to follow up with Molly from UO on whether or not the testing process is FDA approved, although I'm not sure it would even need to be approved from that organization since it is not a "food" or "drug".

Hope that is at least somewhat helpful, and again, happy to hop on a call to discuss further and do my best to try and alleviate any other concerns you might have.

Ryan McBride, SHRM-SCP
Talent Manager
Lane County Human Resources
Mobile: 541-510-3999
Fax:  541-682-4290
ryan.mcbride@lanecountyor.gov





Passion to serve
Driven to connect
Focused on solutions



*CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

Hi Beth. I hear you and understand this must be an incredibly stressful time for you and your family.

Regarding the legality of the county's policy, I can provide some information from our County Council's office if you'd like, but I know that likely will not relieve your concerns.

The best consult I can provide you with at this point is that others who are utilizing this program due to a religious accommodation find some relief in the fact that the testing process does not entail putting anything into their body like the vaccine does.

Please let me know if you have other questions or if there is anything else I can do to support you.

**Ryan McBride, SHRM-SCP**
Talent Manager
Lane County Human Resources
Mobile: 541-510-3999
Fax: 541-682-4290
ryan.mcbride@lanecountyor.gov





Passion to serve
Driven to connect
Focused on solutions



*CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

Mr. McBride,

Thank you once again for the personal attention you are affording me in what must be an incredibly busy time for you.

I would very much like to understand "the legality of the county's policy" and would be curious to see any information you could forward me from the County Council's office. I really want to understand. I keep sending people copies of the United States Code that says with EUA products (in this case the vaccines and Covid 19 tests), people have a choice to take or not to take. And, legal opinions that EUA products cannot be mandated because of the language of that Code. I am hearing in the news courts striking down mandates as they make it through the legal system. If information from the County Council's office can explain to me how US Code (law) does not supersede County *policy*, I am all ears. I want to understand this so I can make the best decisions for this matter.

I do understand about the testing, but also see that those of us who are unvaccinated are singled out. We must register, do *public* drops, and share medical information with HR and be masked in a different way than others. Two things for me: I have had Covid 19, my antibodies should be better than the vaccinated. And, I know County employees, fully vaccinated, who have gotten Covid 19, and are at risk of continuing to get/spread Covid 19, yet they do not have to mask with KN95 or N95 masks or test or share their medical information with HR. And, it may have been exposure to a fully vaxed employee that exposed me. Check out the "break through cases" that continue to rise in the news each week. The County process makes one feel like the unvaccinated are putting on the armband with the yellow star. We are being treated differently than others, not just by the County. Strong statement I know, but we are living in unprecedented times.

I do appreciated your continued communications. I also know you are working hard to help us all through this difficult process. Thank you, again.

Blessings on your day.

Hollice Oberst, aka Beth

# EXHIBIT "D"



## LANE COUNTY

PUBLIC SERVICE BUILDING / 125 EAST 8TH AVENUE / EUGENE, OR 97401 / (541) 682-4203 / FAX (541) 682-4616

January 20, 2022

Hollice Oberst
81804 Lost Valley Lane
Dexter, OR 97431

Dear Beth,

The Lane County Administrative Procedures Manual Chapter 3, Section 71 requires all employees to be fully vaccinated for COVID-19 as part of minimum qualifications for employment with Lane County. You have an approved religious exception form on file. However, as you have indicated you will not participate in the required protocols for those with exceptions, including weekly testing, wearing specific masks, etc., this letter is to notify you of your provisional layoff. Effective at the end of the workday on January 26, 2022, you will be laid off from your Waste Mgmt Fee Collector position in Public Works.

Please return all equipment issued to you, including, but not limited to the list of items below, to your supervisor by the end of your shift on Wednesday, January 26, 2022.

- Change fund (cash, charge tickets, cash tickets)
- Work site keys
- Vest
- Go bag/county provided supplies if applicable

Per the Memorandum of Understanding AFG-21-24 with AFSCME, to be eligible for placement on the recall list, you must complete requirements to be fully vaccinated and submit verification documents, or comply with the provisions of your religious exception in writing, notifying Human Resources on or before July 26, 2022. Once the County has received such verification of your updated vaccination status or intent to comply with the provisions of your exception, you will be placed on a recall list for a period of six (6) months from the date the documentation was received. You will only be recalled to a vacant position in the classification from which you were laid off.

If you have any questions about the Layoff and Recall process, please contact Valerie Sanchez at 541-682-4168 or valerie.sanchez@lanecountyor.gov. Also, please note, if you would prefer to receive recall opportunities communicated in a way other than through the US mail, please let Human Resources know.

I regret that this situation has resulted in this action. I thank you for your service to Lane County and wish you the best in your future endeavors.

Sincerely,

Dan Hurley, Director of Public Works

cc:     Lisa Bee-Wilson, Program Supervisor
        Human Resources/Personnel File
        Human Resources/Benefits

# EXHIBIT "E"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/01/2023

To: Mrs. Hollice E. Oberst
   81804 Lost Valley Lane
   Dexter, OR 97431

Re: EEOC Charge No: 551-2022-03003

EEOC Representative and email:    Joslyn Burchett
                                  Investigator
                                  joslyn.burchett@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-03003.

On Behalf of the Commission:

_____ for
Elizabeth M. Cannon, Director
Seattle Field Office

CC: LANE COUNTY; Attn: Marcus Vejar (Marcus.vejar@lanecountyor.gov)

Please retain this notice for your records.

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

identifying your request as a "FOIA Request" for Charge Number 551-2022-03003 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025

San Francisco, CA 94102.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 551-2022-03003 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025

San Francisco, CA 94102.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# EXHIBIT "F"

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

**Count Days**     **Add Days**     **Workdays**     **Add Workdays**     **Weekday**     **Week №**

Advertising

From **Tuesday, August 1, 2023**
Added 90 days

## Result: Monday, October 30, 2023

### Calendar showing period from August 1, 2023 to October 30, 2023

| August 20 | | | | September 2 | | | | October 2023 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 days added | | | | 30 days added | | | | 30 days added | | | | | | |
| Sun | Mon | Tue | Wed | Sun | Mon | Tue | Wed | Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | 1 | 2 | | | | | 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 6 | 7 | 8 | 9 | 3 | 4 | 5 | 6 | 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 13 | 14 | 15 | 16 | 10 | 11 | 12 | 13 | 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 20 | 21 | 22 | 2 | 17 | 18 | 19 | 20 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 27 | 28 | 29 | 3 | 24 | 25 | 26 | 27 | 29 | 30 | 31 | | | | |

☐ = Start date (Aug 1, 2023)     ☐ = Final result date (Oct 30, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.



© Time and Date AS 1995–2023

OCT 28·